UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RON SWAIN also known as RAYMOND X BAILEY, | ) ) ) | Case No. 3:22-cv-338 |
| *Plaintiff*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Jill E. McCook |
| MICHAEL W. PARRIS, ANYTHONY HILLY, JUSTIN MOORE, and LEE DOTSON | ) ) ) ) | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate housed in the Morgan County Correctional Complex ("MCCX"), has filed a motion to supplement his pro se prisoner's complaint filed under 42 U.S.C. § 1983 (Doc. 12). For the reasons set forth below, the motion will be **DENIED** without prejudice.

I.   RELEVANT BACKGROUND

On or about September 26, 2022, Plaintiff filed a complaint alleging that Defendants, in an act of religious and racial discrimination, interfered with Plaintiff's ability to exercise his faith by rejecting his access to a previously authorized Islamic text. (*See generally* Doc. 2.) On October 28, 2022, this Court entered a memorandum opinion and order screening Plaintiff's complaint in accordance with the Prison Litigation Reform Act ("PLRA") and permitted Plaintiff's free exercise, equal protection, and due process claims to proceed against Defendants under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), as well as the First and Fourteenth Amendments to the United States Constitution. (Doc. 11, at 3–5.) Plaintiff was ordered to complete service packets for Defendants and return them with twenty-one days of

entry of the Court's memorandum opinion and order. (Doc. 11, at 7.) On November 9, 2022, Plaintiff filed the instant motion, which complains of incidents occurring after he filed the original complaint. (Doc. 12.)

## II.    LEGAL STANDARD

Rule 15(d) of the Federal Rules of Civil Procedure provides that upon motion of a party "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The decision whether to grant a request to supplement rests within the sound discretion of the court. *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002). In exercising this discretion, a court may consider whether the motion to supplement "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (internal quotations and citation omitted).

## III.    ANALYSIS

Plaintiff seeks to supplement his complaint to address five events that have occurred since the filing of his original complaint. The Court will address each in turn.

First, Plaintiff maintains that Defendants inappropriately applied the Tennessee Department of Correction's ("TDOC") inmate mail policy, thereby violating RLUIPA and the First and Fourteenth Amendments. (Doc. 12-1, at 5.) However, this Court has permitted Plaintiff to proceed on a claim that Defendants' denial of religious texts through the mail violates these exact statutory and constitutional provisions (Doc. 11), and the misapplication of TDOC policy itself is not a separate constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007) (noting violations of state law or procedure does not support claim under § 1983);

*McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (holding failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Accordingly, the Court finds that Plaintiff's allegation of misapplied TDOC policy is subject to dismissal for failure to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

Second, Plaintiff claims he sought clarification on the importance of the supervisor's response in the MCCX grievance procedure, as his grievance was presumably delegated to a "lesser authority warden." (Doc. 12-1, at 5–6.) However, there is no constitutional right to an inmate grievance procedure, and therefore, it is axiomatic that there is no right to have one's grievances meaningfully explained. *See, e.g.*, *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001). Further, Defendants are not subject to § 1983 liability based on how Plaintiff's grievances were answered, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, this issue is subject to dismissal for failure to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.[1]

Third, Plaintiff claims that an ongoing pattern of discrimination at MCCX affects only the Nation of Islam. (Doc. 12-1, at 6.) Plaintiff maintains that four individual visitors were not allowed in for service and feast on the Nation of Islam's Holy Day of Atonement despite

---

[1] Plaintiff also states that this Court inaccurately cited the date he filed his grievance alleging racial and religious discrimination, and he contends that the correct grievance date was August 29, 2022. (Doc. 12-1, at 6.) Any stenographic error in the Court's memorandum opinion and order has no effect on Plaintiff's litigation of this case, as Defendants have been ordered to respond to Plaintiff's complaint, not the factual background cited in the Court's memorandum opinion and order. (*See* Doc. 11, at 7.)

following all procedures to be listed in TDOC's religious accommodations form, while other faith-based groups are allowed visitors. (*Id*. at 6–7.) Plaintiff does not explain how he knows these visitors followed all necessary procedures to be permitted entry, and he has not claimed that all visitors of the Muslim faith were turned away. Nevertheless, "inmates have no absolute constitutional right to visitation. Limitations upon visitation may be imposed if they are necessary to meet penological objectives such as [] rehabilitation and the maintenance of security and order." *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir. 1984) (citations omitted). Nevertheless, Plaintiff does not appear to claim that he was denied visitation privileges, but rather, that these four individuals were subjected to discrimination when they were not permitted to attend the services and feast. However, Plaintiff has no standing to assert the constitutional rights of others. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989). Therefore, this new information is subject to dismissal for failure to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

Fourth, Plaintiff maintains that, as of the date he filed his motion, he had been waiting to receive the *The Final Call*, a faith-based newspaper that was delivered by the Prison Reform Ministry Mosque #60 on September 30, 2022. (Doc. 12-1, at 7.) Plaintiff maintains that there was "no reason . . . to hold these religious newspapers when they were brought to the administration up front and no discrepancies were found." (*Id.*) Plaintiff has not provided any facts to advise the Court how he has any knowledge that the newspapers were delivered to administration, inspected by the administration, and then held in contravention of his constitutional rights. *See Smith v. Gen. Motors, LLC*, 988 F.3d 873, 885 (6th Cir. 2021) (holding complaints made "on information and belief" cannot rest on conclusory allegations, but rather, "must set forth a factual basis for such belief"). Therefore, the inclusion of this allegation fails to

state a cognizable § 1983 claim, and it is subject to dismissal for failure to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.[2]

Finally, Plaintiff maintains that while prison inmate withdrawal forms are the proper way to send money to Prison Reform Ministry Mosque #60, the Nation of Islam has not been able to recover inmate withdrawal forms, which burdens the right to practice charity in accordance with the tenets of Islam. (Doc. 12-2, at 8.) Plaintiff maintains that the Chaplain told him that the forms have not been turned in by non-party Stacy Oaks, a Warden at MCCX. (*Id.*) However, Plaintiff does not state that he has personally attempted and been denied the ability to practice charity, and as noted above, Plaintiff has no standing to assert the rights of others. *Newsom*, 888 F.2d at 381. Accordingly, it is entirely speculative that Plaintiff's own constitutional rights have been impacted by Warden Oaks' alleged actions, and this claim is subject to dismissal for failure to state a claim upon which § 1983 relief may be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding complaint must contain more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action).

## IV. CONCLUSION

For the reasons set forth above, the Court finds it would be judicially inefficient to permit Plaintiff to file the proposed supplemental pleading, and his motion (Doc. 12) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court otherwise reiterates that Plaintiff has been permitted to proceed on a claim that he has been denied necessary religious texts due to Defendants' mail policy. (Doc. 11.)